**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| ALISON M. ABELS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GE HOMELAND PROTECTION INC. *et al.*,<br><br>　　　　Defendants. | Case No.: C-11-5313-YGR<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REMAND |

Defendants removed this wrongful termination action from the Alameda County Superior Court pursuant to the Court's Federal Question Jurisdiction on the basis that Plaintiff seeks to recover disability benefits owing under an ERISA administered benefits plan. Plaintiff's Complaint alleges six causes of action: (1) Discrimination on the basis of Disability, Age, Race, Gender, and Sexual Orientation under Cal. Gov. Code §§ 12900 *et seq.*; (2) Violation of the California Medical Information Act, Cal. Civ. Code § 56.05(g); (3) Intentional Infliction of Emotional Distress; (4) Violation of California Labor Code § 201(c); (5) Wrongful Termination; and (6) Violation of ERISA.

Plaintiff has moved to remand back to Superior Court on the basis that her ERISA claim is "the last and least of Plaintiff's Prayer for Relief for damages in this action" and because "the loss of benefits [w]as a consequence of the termination and not a motivating factor behind it." Dkt. No. 8.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS IN PART** and **DENIES IN PART** the Motion to Remand.[1] The Court **REMANDS** Plaintiff's state law claims and **STAYS** this action.

**DISCUSSION**

A defendant may remove "any civil action" over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). Defendants removed this action alleging that Plaintiff's claim for

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on April 24, 2012, is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for April 24, 2012.

benefits under an ERISA administered plan raises a Federal Question and Defendants removed Plaintiff's state law claims pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367. The presence of one or more federal question claims in a plaintiff's case makes the case one which a district court has original jurisdiction. *See Lee v. American Nat. Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001). Here, this Court has original jurisdiction over Plaintiff's Sixth Cause of Action, which alleges entitlement to employee benefits under an ERISA administered benefits plan. Accordingly, because there is federal jurisdiction over one claim, Plaintiff's entire case is removable from state court.

Even where a case has been properly removed, a district court may decline to exercise supplemental jurisdiction over a state law claim if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Plaintiff seeks remand on the basis that her ERISA claim is "the last and least of Plaintiff's Prayer for Relief for damages in this action" and because "the loss of benefits [w]as a consequence of the termination and not a motivating factor behind it." Dkt. No. 8. The Court agrees with Plaintiff's characterization of the claims in this action.

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims for wrongful termination because her state law claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction." *See* 28 U.S.C. § 1367(c)(2). Specifically, Plaintiff alleges in her Sixth Cause of Action that she did not receive all of the short term disability payments for her period of disability and that she was not permitted to make certain 401k contributions. However, before this Court can determine if Plaintiff is entitled to benefits under an ERISA administered benefits plan based upon her wrongful termination, one or more Defendants must be found liable for wrongful termination. The Court will respect Plaintiff's choice of forum to adjudicate these state law issues and will decline to exercise supplemental jurisdiction over her state law claims. Accordingly, the Court will **GRANT IN PART** Plaintiff's Motion and **REMAND** her state law claims. Additionally, because the need to determine Plaintiff's entitlement to benefits under an ERISA administered plan is contingent upon Plaintiff prevailing on one or more of her state law claims, to conserve judicial resources, the Court will **STAY** this action pending resolution of Plaintiff's state law claims in state court.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Remand. The Court will remand Plaintiff's state law claims, retain jurisdiction over Plaintiff's ERISA claim, and stay this action.

The Motion to Remand is **GRANTED** as to Plaintiff's claims for: (1) Discrimination on the basis of Disability, Age, Race, Gender, and Sexual Orientation under Cal. Gov. Code §§ 12900 *et seq.*; (2) Violation of the California Medical Information Act, Cal. Civ. Code § 56.05(g); (3) Intentional Infliction of Emotional Distress; (4) Violation of California Labor Code § 201(c); and (5) Wrongful Termination.

The Clerk of Court is directed to **REMAND** Plaintiff's First through Fifth Causes of Action to the Alameda County Superior Court.

The Motion to Remand is **DENIED** as to Plaintiff's Sixth Cause of Action, titled "Violation of ERISA."

This action is **STAYED** pending resolution of the state court proceedings. Within 60 days of entry of a final judgment in the state court case, if no appeal is pending, the parties shall either move to lift the Stay or for a dismissal of this action. If one or more parties files an appeal, the parties shall notify the Court that an appeal is pending.

The Court **VACATES** all dates currently on calendar, including the Motion Hearing set for April 24, 2012.

This Order Terminates Docket Number 8.

**IT IS SO ORDERED**.

April 10, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**