**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ALISON M. ABELS,**<br><br>    Plaintiff,<br><br>    v.<br><br>**GE HOMELAND PROTECTION INC.,** *et al.***,**<br><br>    Defendants. | Case No.:  11-CV-5313 YGR<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS; GRANTING DEFENDANTS' EX PARTE APPLICATION TO EXTEND BRIEFING SCHEDULE** |

The motion of *pro se* plaintiff Alison M. Abels seeking leave to proceed in forma pauperis is **DENIED AS MOOT**. (Dkt. No. 77)  Defendants Morpho Detection, Inc. and Karim Bousta paid the required filing fee when they removed this case from state to federal court (*see* Dkt. No. 1), so there is no need for the relief plaintiff seeks in her motion. In forma pauperis status only exempts litigants from payment of initial filing fees. It does not supply them with funds. Because the filing fee has already been paid, plaintiff's motion is moot.

Defendants' *ex parte* application to modify the briefing schedule for their contemplated motion for summary judgment is **GRANTED**. (Dkt. No. 78; *see also* Dkt. No. 76 (prior briefing schedule).)  In view of plaintiffs' inability to attend two different duly noticed times for deposition, the first on September 12, 2014, the second on September 24, 2014, with the latter cancellation being due to a fire burning near plaintiff's home, good cause is shown to continue the briefing schedule for

defendants' summary judgment motion.  Defendants are entitled to seek discovery from plaintiff in advance of their motion, including a reasonable deposition.

Plaintiff is reminded of her obligation to take all reasonable measures to make herself available, within reasonable limits, for duly noticed depositions.  The Court is aware it has only heard defendants' side of the story as to why the scheduled depositions have not taken place, but, on the record now before it, the Court is concerned by plaintiff's apparent failure to respond to defendants' emails or otherwise participate in the litigation.  Further, the Court is aware that such failure to participate is the very reason for the one-sidedness of the record.  Plaintiff is reminded, for the second time, that her failure to participate in this litigation in a manner consistent with its timely resolution, including participating in discovery processes such the taking of depositions, may result in dismissal of this action for failure to prosecute.  (*Cf.* Dkt. No. 67 (warning plaintiff that the Court was "considering dismissing her case without prejudice on the basis that plaintiff lacks the ability to prosecute it effectively at this time").)

That being said, the Court notes that defendants noticed the two depositions to take place in the San Francisco offices of their counsel.  (Dkt. No. 78-1, Exs. B, D.)  There is some indication in the record that plaintiff plans to travel to San Francisco or Oakland to have her deposition taken, in conjunction with her own deposition of certain persons.  (*Id.*, Ex. C.)  The parties are encouraged to explore means of lowering the cost of depositions in this case, including the possibility of conducting depositions remotely.

The Court amends the briefing schedule for defendants' contemplated motion as follows:

1. Defendants will take plaintiff's deposition no later than October 28, 2014;
2. Plaintiff is **ORDERED** to accommodate reasonable requests to make herself available for deposition;
3. Defendants will file any motion for summary judgment no later than November 11, 2014;
4. Plaintiff will file her response to any motion for summary judgment no later than December 9, 2014;
5. Defendants will file any Reply no later than December 16, 2014; and

6. Any motion for summary judgment shall be set for hearing on the Court's 2:00 p.m. calendar on January 6, 2015, in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California.

This Order terminates Dkt. Nos. 77 and 78.

**IT IS SO ORDERED**.

Date: September 30, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**